UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN L. SHARP, JR., | Case No. 1:21-cv-00099-HBK |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR WRIT OF MANDATE |
| v. | (Doc. No. 11) |
| KATHLEEN ALLISON, *Secretary of the CDCR* and STUART SHERMAN, *Warden of CSATF*, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUPPLEMENT AND PLEAD ACCEPTANCE, CONSTRYED AS MOTION TO AMEND COMPLAINT |
| Defendants. | THIRTY DAY DEADLINE |
| | (Doc. No. 12) |
| | ORDER DENYING PLAINTIFF'S MOTION TO REFILE RETURNED DOCUMENTS CONSTRUED AS MOTIN FOR APPOINTMENT OF COUNSEL |
| | (Doc. No. 14) |

Plaintiff Calvin L. Sharp, Jr., a state prisoner, initiated this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 in the Central District of California. (Doc. No. 1). The Complaint alleges constitutional violations stemming from overcrowding, "unsanitary" and

"dangerous or overly restrictive conditions" at the California Substance Abuse Treatment Facility ("CSATF") that subject Plaintiff to potential harm and to COVID-19. (*See generally Id.*). Because the events giving rise to Plaintiff's Complaint occurred at CSATF, which is in Kings County and within the jurisdiction and venue of Eastern District of California, the Complaint was transferred to this Court. (Doc. No. 5). Pending before the Court are the following pleadings filed by Plaintiff: (1) "Motion Request for Writ of Mandate" (Doc. No. 11); "Motion for Supplemented/Notice Pleading Acceptance" (Doc. No. 12); and "Motion Request to Refile Returned Documents" (Doc. No. 14). The Court reviews each motion *in seriatim*.

1. Motion for Writ of Mandate (Doc. No. 11)

Plaintiff requests the court issue a "writ of mandate" to order his institution to conduct a hearing pursuant to *Haygood v. Younger*, 769 F.2d 1350, 1356 (9th Cir. 1985). (Doc. No. 11). Plaintiff alleges his prison sentence was incorrectly calculated and he seeks to have it shortened. (*Id.*).

To the extent that Plaintiff is requesting a writ of mandamus under 28 U.S.C. § 1651, known as the All Writs Act, this Court lacks jurisdiction to issue a writ of mandamus to state officials. *Demos v. United State Dist. Court of E. Dist. Of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991). The Court only has "jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

Further, claims challenging the "fact or duration of [] confinement" may not be pursued through a § 1983 action. *Preiser v. Rodriguez,* 411 U.S. 475, 489 (1973). Instead, challenges to the length or duration of a prisoner's confinement should be pursued through *habeas* relief pursuant to 28 U.S. Code § 2241. *Wilkinson v. Dotson,* 544 U.S. 74, 78, (2005); *Young v. Kenny,* 907 F.2d 874, 876 (9th Cir. 1990). Thus, to the extent Plaintiff believes his sentence has been improperly calculated or extended, he may file a new habeas action.

2. Motion to Supplement and Plead Acceptance (Doc. No. 12)

The Court liberally construes Plaintiff's "Motion for Supplemented/Notice Pleading Acceptance" as a motion to amend his Complaint. (*See generally* Doc. No. 12*)*. Specifically, the

2

pleading states that the allegations in the pleading "will be related back to plaintiff's original claim(s) contained in the initial filing related to COVID-19 prison conditions." (*Id.* at 2). The Court notes Plaintiff recently also filed a pleading titled "Affidavit/Notice Pleading Supplemental." (Doc. No. 19). To the extent discernable, it appears the pleading seeks to supplement the Complaint with additional facts in support of Plaintiff's claims.

Absent certain circumstances, not present here, a plaintiff is permitted to amend his complaint once as a matter of course. Fed. R. Civ. P. 15(a). The Court will permit Plaintiff an opportunity to amend his Complaint. The amended complaint must be a free-standing pleading and will supersede the original Complaint and become the operative pleading. *See Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc). It must be complete without reference to the prior Complaint or any superseded pleading. *See also* Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be signed; should be titled "Amended Complaint" in clear, bold type; and should refer to the above case number. Plaintiff must include all his facts and related claims set forth in his two pleadings referenced above in his Amended Complaint. The Court does not accept piecemeal pleadings.

        3. <u>Motion to Refile Returned Documents (Doc. No. 14)</u>

In Plaintiff's pleading titled "Motion to Refile Returned Documents," Plaintiff states he requested copies of the Court's Local Rules and received a notice from the court that all requests for relief from the court must be clearly identified as "motions" and that letters to the judge do not qualify as motions. (Doc. No. 14 at 2). Plaintiff states he will "reformat the claims and requests made [in previous filings] and refile them when able." (*Id.* at 5). Plaintiff does not request that the court docket any earlier filings as motions. (*Id.*). Further, the docket does not reflect that any filings were stricken or returned. (*See generally* docket).

Also, in the same motion Plaintiff seeks appointment of counsel due to his lack of trial experience. (*Id.*). Plaintiff states appointment of counsel would be beneficial because counsel could help advise how to prosecute this case and how to file motions. (*Id.*).

The United States Constitution does not require appointment of counsel in civil cases. *See*

*Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances." *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). Although plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face. Challenges prosecuting a case "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel. *Courtney v. Kandel*, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020). While the assistance of counsel during trial may be helpful, the "relevant consideration is not one of convenience" but rather exceptionalness. *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).

Additionally, Plaintiff was granted permission to file an amended complaint, which will require screening before the Court can assess whether Plaintiff will succeed on the merits. There is therefore no basis for the Court to take the extraordinary step of appointing counsel at this stage of proceedings. Should this case progress and Plaintiff's situation change such that he can demonstrate exceptional circumstances, he may renew his motion for appointment of counsel at that time.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for a writ of mandate (Doc. No. 11) is DENIED.

2. Plaintiff's motion to supplement and plead acceptance (Doc. No. 12), construed as a motion to amend Plaintiff's complaint, is GRANTED.  Plaintiff shall file his amended complaint on the enclosed approved civil rights complaint form and title it "Amended Complaint."  Plaintiff shall file his amended complaint **within thirty (30) days** of the date of this Order.  Plaintiff Amended Complaint shall supersede the Complaint and be the operative pleading.

3. Plaintiff's motion to refile returned documents (Doc. No. 14), construed as a motion to appoint counsel, is DENIED without prejudice.

4. The **Clerk of Court** shall provide plaintiff with: (i) a blank civil rights complaint form with this Order to facilitate Plaintiff's filing of his Amended Complaint; and (ii) a habeas corpus form under 28 U.S.C. § 2241 for Plaintiff's use to challenge the length of his sentence, if appropriate.

IT IS SO ORDERED.

Dated:    June 16, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE