UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN L. SHARP, JR., | Case No. 1:21-cv-00099-HBK |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME |
| v. | (Doc. No. 22) |
| KATHLEEN ALLISON, *Secretary of the CDCR* and STUART SHERMAN, *Warden of CSATF*, | |
| Defendants. | |

Pending is Plaintiff's July 15, 2021 pleading titled "Constructive Request for Judicial Notice and Request for Continuance," which the Court construes as a motion for extension of time to file an amended complaint. (Doc No. 15). Calvin L. Sharp, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (Doc. Nos. 1, 9).

On June 17, 2021, the Court granted Plaintiff's construed motion to amend his complaint. (Doc. No. 21). In that Order, the Court provided Plaintiff with thirty days to file his amended complaint and included the approved blank civil rights complaint form for Plaintiff's use in filing his amended complaint. (*Id*. at 5, ¶¶ 2, 4). In the instant motion, Plaintiff's details how his recent transfer within his institution has hindered his ability to timely file an amended complaint. (Doc. No. 22). He concludes by asking for a "continuance" of the amended complaint filing deadline.

(*Id.* at 4).  The Court thus construes Plaintiff's pleading as a motion for extension of time to amend his complaint.

Fed. R. Civ. P. 6(b) provides for extending deadlines for good cause shown, if the request to extend time is made before the existing deadline.  Plaintiff filed this motion before the current deadline passed and has shown good cause to warrant an extension.  The Court will provide Plaintiff an additional 30 days from the date of this Order to file his amended complaint.  The amended complaint should be on the form attached to this Court's previous Order.  (Doc. No. 21).  It must also adhere to the rules detailed in that Order.  (*Id.* at 3).  The amended complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief. . .." Fed. R. Civ. P. 8(a)(2).  This means it should allege enough facts that, if proven, will establish that the named defendants violated *your* legal rights.  In other words, you should provide the date of when the alleged act of wrongdoing occurred, who committed the act, and how you were injured because of the act.  As a *pro se* litigant, you cannot bring claims on behalf of other inmates.  It should not include citations to caselaw.  Each paragraph should be short and limited to "a single set of circumstances." Fed. R. Civ. P. 10.  The amended complaint does not need to include exhibits.  Thus, Plaintiff should be able to timely prepare his amended complaint within thirty days despite limitations placed on his law library access.  **If Plaintiff fails to timely file his amended complaint, the Court will deem the original complaint the operative pleading and proceed with screening as required under 28 U.S.C. § 1915A.**

Accordingly, it is **ORDERED**:

Plaintiff's pleading (Doc. No. 22) construed as a motion for extension of time to file an amended complaint is GRANTED.  Plaintiff shall file his amended complaint **within thirty (30) days** of the date of this Order.  Plaintiff's Amended Complaint shall supersede the original complaint and be the operative pleading.

Dated: __July 22, 2021__

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE