UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN L. SHARP, JR., | Case No. 1:21-cv-00099-HBK |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |
| v. | (Doc. No. 25) |
| KATHLEEN ALLISON, *Secretary of the CDCR* and STUART SHERMAN, *Warden of CSATF*, | ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT |
| Defendants. | THIRTY-DAY DEADLINE |
| | (Doc. No. 25) |
| | ORDER FOR CLERK OF COURT TO UPDATE PLAINTIFF'S ADDRESS |

Plaintiff Calvin L. Sharp, Jr., a state prisoner, initiated this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 on January 12, 2021. (Doc. No. 1). On October 12, 2021, Plaintiff filed a pleading titled "Motion: Notice of Address Change; Request for Counsel + Trial on the Merits." (Doc. No. 25). The Court construes Plaintiff's pleading as a notice of address change, a motion for appointment of counsel and a motion to amend his complaint.

///

1. Motion for Appointment of Counsel

Plaintiff seeks appointment of counsel "for the pending Petition(s) and a trial to argue the merits if approved." (Doc. No. 25). No additional reasons for appointing counsel are included in the pleading. (*Id.*). Plaintiff previously moved for appointment of counsel because he lacked trial experience. (Doc. No. 14). On June 17, 2021, the Court denied that motion without prejudice, explaining that a lack of trial experience does not constitute the exceptional circumstances necessary for the appointment of counsel, but permitted Plaintiff to renew his motion should his circumstances change. (Doc. No. 21 at 3-4).

The Court denies Plaintiff's one sentence motion for the same reasons set forth in the Court's June 17, 2021 Order and finds Plaintiff similarly fails to show exceptional circumstances warranting the appointment of counsel at this stage of the proceedings. Plaintiff's first amended complaint, filed August 23, 2021, awaits screening by the Court pursuant to 28 U.S.C. §§ 1915. (Doc. No. 24). Plaintiff now seeks permission to file a second amended complaint. Thus, it is premature for the Court to determine whether Plaintiff will need counsel's assistance should this case proceed to trial.

2. Construed Motion to File Second Amended Complaint

Plaintiff's pleading also requests to "submit additional claims and/or supporting documents" in the present matter and "No. 21-71237." (Doc. No. 25). The Court liberally construes this pleading to include a request by Plaintiff to file a second amended complaint in the instant action only.[1] Plaintiff previously filed a first amended complaint on August 23, 2021, which has not yet been screened.

The Court will permit Plaintiff an opportunity to file a second amended complaint. Plaintiff must be mindful that the complaint must be concise and need not include every fact and piece of supporting evidence. Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the grounds for the court's jurisdiction" and a short and plain statement of the claim showing that the pleader is entitled to relief" and the type of relief sought. When filing a

---

[1] The Court cannot ascertain what "No. 21-71237" refers to. Plaintiff is permitted to amend his first amended complaint solely in this matter.

complaint, "evidentiary support is not required … and attaching numerous exhibits to the complaint does not satisfy the requirement of Federal Rule of Civil Procedure 8(a) that claims must be stated simply, concisely, and directly.  To the contrary, it would require the court to comb through the documents in order to guess at plaintiff's claims." *Henry v. Vanni*, No. 2:12-CV-2828-CMK-P, 2013 WL 6274907, at *4 (E.D. Cal. Dec. 4, 2013).  The complaint should also be in numbered paragraph form and comply with the other requirements listed in Federal Rule of Civil Procedure 10.  It overall should contain sufficient information to indicate "the who, what, when, where, and how of the misconduct" alleged.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations omitted).

Plaintiff's first amended complaint spans 130 pages and includes dozens of pages of exhibits.  It is not organized in numbered paragraph form and the claims within detail a litany of injustices allegedly suffered by Plaintiff, most of which appear to be unrelated to each other and do not implicate Plaintiff's constitutional rights.  Plaintiff repeatedly claims that his imprisonment is "void," an assertion that must be brought in a habeas petition rather than a § 1983 action. *Tedder v. Faatz*, 937 F.2d 614 (9th Cir. 1991); (Doc. No. 24 at 49).  Should Plaintiff's amended complaint fail to address these flaws it will not be permitted to proceed.

Plaintiff's second amended complaint must be a free-standing pleading and will become the operative pleading that supplants the first amended complaint.  *See Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc).  It must be complete without reference to the first amended complaint or any superseded pleading.  *See also* Local Rule 220.  The second amended complaint should be signed; should be titled "Second Amended Complaint" in clear, bold type; and should refer to the above case number.  The Court does not accept piecemeal pleadings.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for appointment of counsel (Doc. No. 25) is DENIED without prejudice.

2. Plaintiff's motion to amend his complaint (Doc. No. 25) is GRANTED.  Plaintiff shall file his second amended complaint on the enclosed approved civil rights complaint form and

title it "Second Amended Complaint." Plaintiff shall file his second amended complaint **within thirty (30) days** of receipt of this Order. Plaintiff's second amended complaint shall supersede his earlier complaints and be the operative pleading.

    3. The **Clerk of Court** shall provide Plaintiff with: (i) a blank civil rights complaint form with this Order to facilitate Plaintiff's filing of his second amended complaint; and (ii) update the docket to reflect the address change included in Plaintiff's October 14, 2021 pleading. (Doc. No. 25).

    4. If Plaintiff fails to timely file a second amended complaint, the Court will deem Plaintiff's First Amended Complaint the operative pleading for screening.

Dated:    October 20, 2021

HELENA M. BARCH-KUCHTA  
UNITED STATES MAGISTRATE JUDGE