UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN L. SHARP,<br><br>        Plaintiff,<br><br>   v.<br><br>KATHLEEN ALLISON, et al.,<br><br>        Defendants. | Case No.  1:21-cv-00099-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO WAIVE FILING FEE<br><br>(Doc. No.  30) |

      Pending before the Court is Plaintiff's motion to requesting the Court waive the $350.00 statutory filing fee. (Doc. No. 30). Plaintiff is a prisoner who is proceeding pro se on his Second Amended Complaint filed pursuant to 42 U.S.C. § 1983. (Doc. No. 27). Plaintiff filed a motion to proceed *in forma pauperis* on January 12, 2021. (Doc. No. 2). On January 28, 2021, the court granted Plaintiff's motion to proceed *in forma pauperis* and directed correctional officials to make monthly payments of 20% of the preceding month's income credited to Plaintiff's inmate trust account until the full $350.00 filing fee is paid as required by 28 U.S.C. § 1915(b)(2). (Doc. No. 9). Plaintiff requests a waiver from the $350.00 statutory filing fee because he "currently has 55% restitution being deducted from his Trus[t] Account, as well as an additional 20% pursuant to a court case in Kings County Superior [C]ourt…" (Doc. No. 30).

Title 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor."  Under the PLRA, despite being granted *in forma pauperis* status, all prisoners must pay the full amount of the fee.  *Id*. 1915(b)(1).  Specifically, 28 U.S.C. § 1915(b)(1) states a prisoner plaintiff proceeding IFP "shall be required to pay the full amount of the filing fee."  Notably, Plaintiff cites no case law supporting his request and the undersigned is unaware of any binding precedent requiring this Court to waive the $350.00 statutory filing fee.

The Court has not yet conducted a screening of Plaintiff's Second Amended Complaint under 28 U.S.C. § 1915A to determine whether the operative complaint is deficient, appropriate for service, or requires further amendment.  Consequently, to the extent Plaintiff does not wish to pay the filing fee for this action, Plaintiff may choose to voluntarily dismiss this action before the Court conducts its § 1915A screening.  In order to voluntarily dismiss this action, Plaintiff must file a Notice to Voluntarily Dismiss Action Under Federal Rule of Civil Procedure 41,[1] advise the Court that he wishes to dismiss this action and request a refund of any filing fees paid.  Plaintiff must file the Notice within 14 days of receipt of this Order, after which time the Court will undertake a screening of the Complaint and Plaintiff will remain obligated to pay the full filing fee.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion requesting a waiver from the $350.00 statutory filing fee (Doc. No. 30) is DENIED.  Plaintiff remains obligated to pay the full $350.00 filing fee for this action.

2. If Plaintiff does not wish to litigate this action due to the requirement that he must pay the full $350.00 filing fee despite proceeding *in forma pauperis*, Plaintiff may file a Notice to Voluntarily Dismiss Action Under Federal Rule of Civil Procedure 41 **within fourteen (14) days** of the receipt of this Order.  The Court will then vacate its previous Order granting *in forma pauperis* status and assessing the full filing fee (Doc. No. 9) and direct correctional officials to

---

[1] A party may voluntarily terminate an action by operation of law without order from the Court. Fed. R. Civ. P. 41(a)(1)(A)(i).

cease any further deductions from Plaintiff's inmate trust account and direct the Clerk of Court to refund to Plaintiff any filing fees paid to date.

Dated:     October 11, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE